Moss, Judge,
delivered the opinion of the court:
Lavinia Florance and Abram Minis before their marriage entered into a marriage settlement by the terms of which certain property then held by Lavinia Florance, or to be subsequently received by her from her father, was conveyed to one Isaac Minis in trust. It was provided in said settlement that Lavinia Florance should have full power to dispose of the whole estate or any part of same by will. She died October 12, 1923, leaving a will disposing of all her estate, including the property belonging to the marriage settlement trust. Her husband had previously died. The executors of the will of Lavinia Minis included the trust property in the estate-tax return and paid the tax thereon. Thereafter a claim for refund was filed for the recovery of that portion of the estate tax resulting from the inclusion of the marriage settlement trust property, which claim was denied. The tax involved here is controlled by the revenue act of 1921, 42 Stat. 218, the applicable provisions of which are as follows:
“ Sec. 402. That the value of the gross estate of the decedent shall be determined by including the value at the time *62 of bis death of all property, real or personal, tangible or intangible, wherever situated—
“(e) To the extent of any property passing under a general power of appointment exercised by the decedent (1) by will, or (2) by deed executed in contemplation of, or intended to take effect in possession or enjoyment at or after his death except in case of a bona fide sale for a fair consideration in money or money’s worth; * *
The property covered by the marriage trust was valued in the tax return at $193,545.68, and the tax on same amounted to $19,126.52. This action is brought for the recovery of that amount.
It is the contention of plaintiff that the property involved was not a part of the estate of Lavinia Minis, and further, that the power of appointment contained in the marriage settlement was not a general power of appointment within the meaning of the statute.
The estate tax is an excise imposed upon the transfer of the net estate of the decedent. An examination of section 402 in its entirety would seem to indicate that it was the purpose of Congress to include in the gross estate any interest in property which might otherwise escape the payment of this tax on transfers, such as dower or curtesy; transfers made by the decedent in contemplation of, or intended to take effect, at or after death, and “(e) To the extent of any property passing under a general power of appointment exercised by the decedent, (1) by will, or (2) by deed executed in contemplation of, or intended to take effect at or after his death * * Obviously, the omission of the latter provision might easily result in the avoidance of the tax, to the extent of a practical nullification of the statute. It is not the property that is being taxed as a part of the net estate of the decedent. Congress has merely said that in measuring the tax on the transfer of the net estate property covered by a general power of appointment shall be included in the gross estate. In the case of Fidelity Trust Co. v. McCaughn, 1 Fed. (2d) 987, while the court correctly held that the power of appointment in that case was not a general power, the discussion of the question which we are now considering is interesting and illuminating. It is said in that *63 opinion: “ The situation is not unusual in which a person may have two kinds of property. One is that which is emphatically his own, over which he has full dominion, because of his ownership; the other exists in the form of a power, which he has the right to exercise over property which does not otherwise belong to him, by which power, however, he may assert in practical effect as full dominion over the property as if it belonged to him outright.” That is precisely the situation in regard to the property in the present case. Under the power of unrestricted disposition by will, the decedent had a full dominion over this property as if it had belonged to her outright. The opinion in the Fidelity Trust case, supra, contained the further declaration of principle, “ Congress, it is true, can not change the law of property in the States. It is just as true, however, that no State can, by declaring the law of property to be different from what it is in other jurisdictions, force the hand of Congress in respect to how the tax shall be admeasured.”
In United States v. Field, 255 U. S. 259, cited by both parties, there was involved the construction of section 202 of the revenue act of 1916, the predecessor of section 402 of the act of 1921, and of a Treasury regulation providing that, “ Property passing under a general power of appointment is to be included as a portion of the gross estate of a decedent appointor.” The court held that “ the interest in question, not having been property of Mrs. Field at the time of her death, nor subject to distribution as part of her estate, was not taxable under clause (a),” but added the significant suggestion, “ It would have been easy for Congress to express a purpose to tax property passing under a general power of appointment exercised by a deredent, had such a purpose existed, and none was expressed in the act under consideration. In that of February 24, 1919, which took its place, the section providing how the value of the gross estate of the decedent shall be determined contains a clause precisely to the point (section 402 (e), 40 Stat. 1097): ‘ To the extent of any property passing under a general power of appointment exercised by the decedent (1) by will, or (2) by death.’ ” It is a logical inference that if *64 paragraph (e) of section 402 had been in existence when the Field case was being considered, the court would have held that the property covered by the power of appointment should be included in the gross estate, although it was not the property of Mrs.' Field at the time of her death. Plaintiffs’ contention can not be sustained. The power contained in the marriage settlement, and exercised by the decedent, was a general power of appointment, and the property covered by said power was properly included in the gross estate of decedent. Whitlock-Rose v. McCaughn, 21 Fed. (2d) 164, is directly in point. The petition will be dismissed, and it is so adjudged.
GeeeN, Judge; Graham, Judge; and Booth, Chief Justice, concur.